IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 98-CR-06-TCK |
| JAMES EDWARD HICKS JR., | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Before the Court is the Plaintiff's Motion to Dismiss Defendant James Edward Hicks, Jr.'s ("Hicks") Successive §2255 Motion (Doc. 97).

**I. Background**

In 1997, Hicks committed six armed robberies of various businesses in Tulsa, Oklahoma. (PSR at ¶¶ 9-16). A twelve-count superseding indictment charged Hicks with six counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and six accompanying counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Id. at ¶ 6; see Doc. 6). At the time of Hicks's offenses, § 924(c) prohibited using or carrying a firearm during or in relation to a crime of violence. The statute defines "crime of violence" as a federal offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Each of his § 924(c) convictions were premised on a corresponding Hobbs Act robbery. (Doc. 6). The Hobbs Act, 18 U.S.C. § 1951(b)(1), defines robbery, in pertinent part, as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

A jury convicted Hicks of all twelve counts, including six violations of § 924(c). (PSR at ¶ 8; see Doc. 43). This Court sentenced Hicks to a total of 1350 months of imprisonment, including consecutive terms of 60 months for the first § 924(c) conviction, and 240 months for each of the subsequent § 924(c) convictions. (Doc. 43). Hicks appealed this Court's denial of his motion to suppress, and the Tenth Circuit affirmed his conviction. *United States v. Hicks*, 182 F.3d 933 (10th Cir. 1999).

In 2000, Hicks filed his first motion under 28 U.S.C. § 2255; this Court denied the motion on the merits. (Doc. 70). Hicks appealed, but the Tenth Circuit denied him a certificate of appealability and dismissed the appeal. (Doc. 80). In 2016, Hicks sought authorization from the Tenth Circuit to file a second or successive § 2255 motion challenging his § 924(c) convictions in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Hicks later supplemented his application based on the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), invalidating as unconstitutionally vague the "residual clause" contained in § 924(c)(3)(B), but leaving intact the elements clause in § 924(c)(3)(A). He argued that his § 924(c) convictions should

be vacated because the underlying Hobbs Act robbery offenses could only be construed as crimes of violence under the residual clause in § 924(c)(3)(B), which *Davis* had invalidated as unconstitutionally vague.

The Tenth Circuit authorized Hicks to file a successive § 2255 motion challenging his conviction and sentence under *Davis* but did not consider the merits of his motion. (*In re: James Edward Hicks, Jr.*, No. 16-5087, Order filed December 31, 2019; see Doc. 87). Hicks filed a motion for the appointment of counsel, which this Court granted, appointing an Assistant Federal Public Defender (Docs. 88, 89). Hicks filed a successive § 2255 motion seeking to vacate his six § 924(c) convictions based on *Davis*. (Doc 92). Hicks acknowledges that Tenth Circuit precedent forecloses his motion by holding that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c). (Doc. 93 at 6); see *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018). Hicks's successive § 2255 motion seeks merely to preserve his claim in the event the Tenth Circuit or the Supreme Court reverse or overrule *Melgar-Cabrera*. *Id*.

## II. Analysis

Hicks is correct that his motion is foreclosed by Tenth Circuit precedent holding that Hobbs Act Robbery remains a crime of violence under the elements clause of § 924(c)(3)(A). See Doc. 93 at 5-6; *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); see also *United States v. Myers*, 786 F.App'x 161 (10th Cir. 2019) (unpublished) (citing *Melgar-Cabrera*).

Further, Hicks cannot surmount the second procedural hurdle for his successive § 2255 motion. Hobbs Act robbery contains an element requiring the use, attempted use, or threatened use of force. Therefore, he cannot meet his burden to show that, even at the time of his conviction, he was convicted based upon the residual clause in § 924(c)(3)(B), rather than the elements clause of

§ 924(c)(3)(A). As a result, he cannot establish that *Davis* had any effect on the validity of his convictions, and he cannot satisfy § 2255(h)(2) by showing that his motion rests on a new rule of constitutional law. See *United States v. Rushing*, No. 05-CR-108-TCK, 2020 WL 2517233 at *3 (N.D.Okla. May 15, 2020) (unpublished).

Accordingly, Plaintiff's Motion to Dismiss Defendant Hick's Successive §2255 Motion (Doc. 97) is granted.  Hicks's second or successive § 2255 motion (Doc. 92) is dismissed.

**IT IS SO ORDERED this 16th day of October, 2020.**

TERENCE C. KERN
United States District Judge